Jean Cobb KRUM, Plaintiff-Appellant,

v.

Richard D. SHEPPARD and Gordon P. Hurley, Jointly and Severally, Defendants-Appellees.

No. 17389.

United States Court of Appeals Sixth Circuit.

Nov. 3, 1967.

Charles C. Wickett, Kalamazoo, Mich. (Wickett, Erickson & Beach, Kalamazoo, Mich., on the brief), for appellant.

Curtis G. Beck, Lansing Mich. (Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on the brief), for appellees.

Before WEICK, Chief Judge, and PECK and COMBS, Circuit Judges.

## ORDER

The occurrence out of which this and its predecessor criminal and civil actions arose appear in detail in People v. Krum, 374 Mich. 356, 132 N.W.2d 69 (1965) and are summarized in the opinion of the District Court from which this appeal was perfected (Krum v. Sheppard, 255 F.Supp. 994 (1966)). Therefore suffice it to here only state that following an altercation with Michigan state police officers (the defendants-appellees), plaintiff-appellant was charged, tried and convicted of interfering with an officer in the performance of his duties. That conviction was sustained in People v. Krum, *supra*. Plaintiff-appellant thereafter brought action against these defendants in the Circuit Court for the County of Mackinac, Michigan, for damages for false arrest, illegal search and malicious prosecution. No appeal was taken from the order dismissing that action.

Subsequently the present action was filed in the United States District Court for the Western District of Michigan, Southern Division. Although alleging the same occurrence alleged in the civil action in the state Circuit Court, the District Court action was bottomed upon appellant's deprivation of civil rights by appellees in violation of 42 U.S.C. §§ 1983 and 1985. Appeal to this court followed dismissal by the District Court.

District Judge Noel P. Fox sustained a motion of the defendants to dismiss on the ground that the Michigan Statute of Limitations is a bar to this action. We are in accord with this conclusion, and it is ordered that the judgment of the District Court be affirmed for the reasons set forth in Judge Fox's opinion (Krum v. Sheppard, *supra*).