Edelmiro **MARTINEZ**, Jr.

v.

Frank Abella **HERNANDEZ** et al.

Civ. No. 526–70.

United States District Court,
D. Puerto Rico.

July 8, 1971.

R. Elfren Bernier, Río Piedras, P. R., and Plinio Pérez Marrero, for plaintiff.

A. Torres Braschi, Dubon & Dubon, San Juan, P. R., for defendants.

## MEMORANDUM OPINION AND ORDER

FERNANDEZ–BADILLO, District Judge.

This is an action in tort for damages resulting from an alleged conspiracy. The facts are of utmost importance in the determination to be reached by the Court of the controversy raised. The questions are: (1) whether a cause of action is spelled out in the complaint and (2) whether the action is barred by the applicable statute of limitations. Accordingly, those factual allegations of the complaint which are essential shall be set forth in detailed manner.

The complaint identifies plaintiff as a practicing lawyer who works and lives in Boston, Massachusetts, while all defendants are Puerto Rican residents. Defendants Frank Abella Hernández, Rafael Padilla and Vinicio R. Colón are the partners and owners of co-defendant Rafael Padilla & Company, a commercial partnership. It is alleged that plaintiff served as attorney for one María Saló and María del Carmen Seraballs Saló, widow and daughter of José Antonio Seraballs, in civil action numbered 61–8992 filed in the Superior Court of Puerto Rico, San Juan Part, against Frank Abella Hernández to recover damages sustained by them when Abella took the life of Seraballs. On March 6, 1963 the Superior Court entered judgment against Abella for the total amount of $100,000—$40,000 for María Saló and $60,000 for the minor daughter. The trial court awarded attorney's fees in the sum of $5,000.00. Plaintiff asserts in paragraph 11 of the complaint now before me that "when [he] was retained as their lawyer by María Saló and her daughter, it was agreed among them that plaintiff was going to receive and be paid as his fees one third (⅓) of whatever judgment was obtained against Abella and collected from him." From this point on the complaint charges unlawful acts or transactions done jointly by all co-defendants with the malevolent purpose of preventing his clients, the widow and daughter of Seraballs, from obtaining the execution of the judgment in civil action 61–8992 before the Commonwealth court. It is expressly alleged that in 1963 the original partnership deed was altered with the "intent to injure the plaintiffs in * * * case No. 61–8992 against Frank Abella Hernández so that whatever judgment is obtained could not be collected from Abella's participation and interest in the partnership * * *" He further alleges that notwithstanding an order entered by the local court on June 23, 1965 forbidding Rafael Padilla and Frank Abella Hernández, at that time the only partners in the commercial partnership here sued, from extending the date of expiration said two partners extended indefinitely the life of the partnership by means of a deed executed on June 22, 1965, the day before said order was rendered. Co-defendant Vinicio R. Colón was then admitted as a general partner and an express agreement was reached whereby the partnership would not be dissolved on account of death, insanity or incapacity of any of its partners. The definite formation of a conspiracy is alleged in paragraph 19 of the complaint [1] where it is said:

"Plaintiff herein has reason to belief that the alleged deed was made after Frank Abella, Rafael Padilla, Vinicio R. Colón and the partnership Rafael Padilla & Company combined themselves and conspired to obstruct, subvert, nullify and make unenforceable and uncollectible the judgment of the Superior Court of Puerto Rico herein mentioned and to defy and foul the judicial power and authority of such Court and after said defendants and their attorneys had known of the injunctive order of June 23, 1965."

---

1. Said conspiracy is characterized as continuing in paragraph 20 based on the allegation that defendants devised and are using a method of bookkeeping that misrepresents and conceals the real assets of the partnership and the amounts withdrawn by Abella from it.

The alleged injury to plaintiff is described in paragraph 21 as follows:

"The concerted conduct and actions of defendants Frank Abella Hernández, Rafael Padilla, Vinicio R. Colón and Rafael Padilla & Co. as set forth have the malevolent purpose and intent to damage and injure the plaintiff by aiding and abetting Frank Abella in his determination to defy and foul the judicial power and authority at the Superior Court of San Juan as exercised in case number 61–8992."

The one allegation emerging from this lengthy complaint which ties plaintiff with the defendants in this proceeding is the assertion that he had an agreement concerning attorneys fees with the victims of the conspiracy supposedly schemed and executed by defendants in their efforts to make unenforceable the $100,000 judgment obtained in the local action. Holding on to this remote tie with defendants plaintiff has interestingly enough claimed an equal sum of $100,000 for what he terms "mental and physical anguish and great monetary loss."

■ It is obvious that the allegations of conspiracy permeate the whole complaint. Plaintiff has characterized his action as a "conspiracy complaint" and as a "tortious conspiracy." [2] It is an elementary proposition that a conspiracy is not in and of itself a civil wrong. It is the damages or injury caused by the wrongful acts done in furtherance of the conspiracy that constitute the gist of the action. Wilson & Co. v. United Packinghouse Workers of America, (N.D.Iowa, 1970), 181 F.Supp. 809; Krum v. Sheppard, (W.D.Michigan, 1966), 255 F.Supp. 994, affirmed 407 F.2d 490 (6th Cir., 1969). There must be something independent of the conspiracy on which to base the cause of action. If the damages do not arise as a direct result of the conspiratorial acts and the injury claimed is remote, contingent and indefinite, no cause of action lies. The claimant must suffer actual damage caused by the wrongful conduct. 15A C.J.S. Conspiracy §§ 6–9; Neff v. World Publishing Company (8th Cir. 1965) 349 F.2d 235.

■ The complaint on its face sets forth no actionable cause against defendants. The single purpose of the conspiracy as declared in the complaint was to "make unenforceable and uncollectible the judgment" rendered in favor of the Seraballs in the local case. The conspiracy, assuming it existed, was clearly directed against the widow and daughter of Seraballs, not against plaintiff. If injury was intended it was not upon attorney Martínez but upon his clients in the local suit. The injury here complained of is asserted as a remote, indirect result of defendants' tactics and is obviously enough contingent upon the damage, if any, suffered by the victims of the conspiracy. The very same allegations of the complaint point to the Seraballs as the only victims of the conspiracy alleged.

Furthermore, the only connection of plaintiff with the various co-defendants is the fact that he had an agreement on attorneys fees with the Seraballs who, in turn, were allegedly deprived by all co-defendants of the right to execute the judgment obtained in the local action. The sole basis for plaintiff's claim for damages is the illegal acts of defendants in their efforts to bar execution of the judgment. But said agreement and the legal right to recover thereon are unaffected by the unlawful and conspiratorial conduct imputed to the defendants. His claim for fees is against the Seraballs, not against defendants who are strangers to that transaction. His agreement, as pleaded, was to receive as counsel fees one third (1/3) of the judgment obtained and collected by his clients from Frank Abella Hernández in local case numbered 61–8992. Plaintiff has now what he always had: the legal

---

2. Paragraph 22 of complaint and page 3 of brief in opposition to dismissal.

right to claim from his clients the sum owed for his services.[3]

█ Even though the conclusion that the complaint fails to state a claim upon which liability could attach against defendants disposes of the controversy raised, the Court shall briefly discuss the statute of limitations issue taken up by the parties in their briefs. At the outset two points must be established. The first is that plaintiff is not a creditor of Abella as argued in the brief. On the acts alleged in the complaint before me, the creditors of Abella are the Seraballs litigants by reason of the judgment rendered in their favor by the local court in the sum of $105,000. Secondly, this is an action sounding in tort for damages suffered for acts done pursuant to an alleged conspiracy. Thus, the applicable period of limitations is that of one year.[4] It began to run from the date of the commission of the last overt act[5] of the conspiracy charged which was on June 22, 1965, the date in which the defendants supposedly conspired to alter the partnership with the intention of rendering unenforceable the judgment against Abella. Plaintiff seeks immunity from the one-year statute of limitations by contending that since this is a continuing conspiracy the action is not barred. The Court cannot conceive how the conspiracy charged can be considered to have continued for five years[6] on the mere allegation that defendants "devised and are using a method of bookkeeping" that conceals the true assets of Rafael Padilla & Cía. as well as the amounts withdrawn by Abella to offset the possibility that the changes in the partnership contract might not survive a judicial challenge as a cover up for Abella. The damages alleged in the complaint are traceable to the acts of defendants occurring between 1963 and 1965. Allegation 20 of the complaint regarding the method of bookkeeping is not set out as a source or cause of injury to plaintiff but rather as a means used by defendants to offset the possibility that the changes in the partner-

---

3. The Court wishes at this point to take notice of the decision of the Supreme Court of Puerto Rico in Seraballs, Abella & Cía. v. Superior Court (1967) 94 P.R.R. 466. In recognizing the extent of the right of the Seraballs as judgment creditors of Frank Abella Hernández, the Court indicated in footnote 9, p. 476:

"On October 28, 1965 plaintiff in the main action requested and obtained by way of security an order addressed to the partnership Rafael Padilla & Cía. and its managing partners to abstain from paying to defendant Abella any amount corresponding to him as liquidated or to be liquidated profits or any amount for refund of capital contributed, requiring also that said amounts be deposited in the Office of the Secretary of the Court for the purpose of the execution of the judgment rendered (Tr.Ev. 191–195). The order to secure payment contains other particulars which need not be recited."

4. 31 L.P.R.A. § 5298.

5. On the question of statute of limitations see Farbenfabriken Bayer, A. G. v. Sterling Drug (D.N.J., 1957) 153 F.Supp. 589, affirmed 307 F.2d 210; DeLaughter v. Borden Company (5th Cir. 1966) 364 F.2d 624; Delta Theatres v. Paramount Pictures (E.D.La.1958) 158 F.Supp. 644 and Northern Kentucky Tel. Co. v. Southern Bell T. & T. (6th Cir. 1934) 73 F.2d 333 where the Court said:

"* * * In Nalle v. Oyster, 230 U.S. 165, at page 182, 33 S.Ct. 1043, 57 L.Ed. 1439, it was said to be a well settled rule that no civil action will lie for a conspiracy unless there be an overt act that results in damage to the plaintiff. A necessary corollary to this rule would seem to be that, when there is an overt act, or the last of a contemplated series of overt acts, the cause of action accrues and the statute of limitations begins to run. If this were not true, then it would result that in every case where damages resulting from a wrongful act are in their nature continuing there would be no limitation upon the right of action, and the beneficent purpose of the statute to put a period to the right to sue would be defeated."

6. From 1965 to 1970.

ship contract might not survive judicial scrutiny.[7]

The motion to dismiss filed on February 4, 1971 is, therefore, granted and the action is hereby dismissed. Judgment will be entered accordingly.

---

7. See Charles Rubenstein Inc. v. Columbia Pictures Corp., (D.Minn.1957) 154 F. Supp. 216, affirmed 289 F.2d 418 (8th Cir. 1961) where the Court said:

"* * * In this regard, it must be remembered that the conspiracy itself is not actionable. The statute of limitations does not begin to run from the date of the inception of the conspiracy. Rather, it begins from the date when an overt act of the conspirators produces damages. A continuing conspiracy as such is not actionable. It is the impact of the conspiracy which gives rise to a claim for damages, and it is the date of such impact of the wrong engendered by the conspiracy from which this statute of limitations begins to run. Imputing to a fellow conspirator the deeds and acts of his co-conspirators may perchance continue over a period of many years, but the wrong caused by the conspiracy sets in motion the applicable statute of limitations."