**Edelmiro MARTINEZ, Jr., Plaintiff-Appellant,**

v.

**Frank Abella HERNANDEZ et al., Defendants-Appellees.**

No. 71-1276.

United States Court of Appeals, First Circuit.

Argued Feb. 3, 1972.

Decided March 3, 1972.

---

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

Edelmiro Martinez, Jr., San Juan, P.R., for appellant.

A. Torres Braschi, San Juan, P.R., with whom Dubon & Dubon, San Juan, P.R., was on the brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff, a practicing attorney, brought this diversity action in Puerto Rico in 1970 to recover damages resulting from a tortious conspiracy allegedly committed by three partners and the partnership. Plaintiff, on behalf of two clients, had won a judgment in 1963 in the amount of $105,000 against one of the partners. By prior agreement with his clients, plaintiff was to receive one-third of any judgment "obtained and collected". All efforts to collect the judgment in full have been unavailing, the partners having reorganized and extended the life of the partnership indefinitely on June 22, 1965, in such a way as effectively to frustrate to this point satisfaction of the judgment. Plaintiff alleges that this indefinite extension of partnership life was undertaken for the purpose of rendering plaintiff's clients' judgment uncollectible. He also alleges that the members of the partnership have initiated and continue to maintain a system of bookkeeping which improperly conceals the value of the judgment debtor's interest in the partnership assets and his current income. The district court, 330 F.Supp. 856, dismissed the complaint, holding that the alleged conspiracy was aimed at plaintiff's original clients and could effect no legally cognizable interest of plaintiff and that, in any event, the conspiracy was placed beyond suit by the running of the applicable one-year statute of limitations.

This is a bizarre case: we have here an attorney asserting an independent cause of action to collect a portion of an eight-year-old judgment, a judgment which because of the shielding effects of Puerto Rican commercial partnership law and apparent inaction on the part of plaintiff's original clients remains uncollected. In reaching a decision on the facts now before us we have not considered whether the statute of limitations has rendered the judgment

completely uncollectible because the unhappy fact for this plaintiff is that he has not shown where, under Puerto Rican law, he has any legal interest in the judgment which could support a conspiracy action other than, of course, a contract right to be paid one-third of whatever portion of the judgment his former clients collect. No Puerto Rican authority is cited, and we have found none to support the construction of the ˙ fee agreement as an equitable assignment. In Cornier v. Superior Court, 96 P.R.R. —— (1968) (per curiam), the Supreme Court of Puerto Rico referred to a similar agreement as having "no other scope than fixing of attorney's fees". Earlier in its opinion it had also made clear that Puerto Rico recognizes no attorney's lien for professional services. *See also* A. Mendez & Bro. v. Chavier, 39 P.R.R. 661 (S.Ct.1929).

Affirmed.