489 F.2d 1057
 6 Fair Empl.Prac.Cas. 1083, 6 Empl. Prac.
Dec. P 8997
Virgil Philip MARLOWE, Plaintiff-Appellant,
v.
FISHER BODY, a division of General Motors Corporation and
International Union, United Automobile, Aircraft and
Agricultural Implement Workers of America, C.I.O., Local
#596, jointly and severally, Defendants-Appellees.
 No. 73-1359.
 United States Court of Appeals, Sixth Circuit.
 Argued Oct. 15, 1973.
Decided Dec. 6, 1973.
 
 Henry A. Bornstein, Southfield, Mich., for Virgil Philip Marlowe; Bornstein, Wishnow & Young, Southfield, Mich., on brief.
 Charles Hodge, Washington, D.C., for U.S. Equal Employment Opportunity Commission as amicus curiae; William A. Carey, Gen. Counsel, Julia P. Cooper, Associate Gen. Counsel, Beatrice Rosenberg, Joseph T. Eddins, Jr., Attys., E.E.O.C., Washington, D.C., on brief.
 Richard J. Loftus, Jr., Detroit, Mich., for General Motors Corp; Ross L. Malone, Detroit, Mich., Atty. for General Motors Corp., on brief; Eugene L. Hartwig, Edmond J. Dilworth, Jr., Jimie R. Wheatley, Robert N. Price, Russell J. Thomas, Jr., Detroit, Mich., of counsel.
 Edwin G. Fabre, Asst. Gen. Counsel, Detroit, Mich., for Local No. 596, International Union, UAW; John A. Fillion, Gen. Counsel, Detroit, Mich., on brief.
 Before WEICK, MILLER and LIVELY, Circuit Judges.
 LIVELY, Circuit Judge.
 
 
 1
 This case was begun in the district court as an action for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. The original complaint was filed on August 5, 1970 and the only defendant was Fisher Body, a division of General Motors Corporation (hereafter General Motors). It was alleged in the complaint that by concerted action of its officers, agents and employees conspiring together General Motors had willfully deprived plaintiff of his civil rights by discriminating against him in his employment because of his religion and national origin. The complaint asserted that the plaintiff had been denied the valuable right of advancement or promotion and of overtime in an arbitrary and capricious manner because he is a member of the Jewish faith. The complaint stated that plaintiff had filed a charge of discrimination with the Equal Employment Opportunity Commission (hereafter EEOC) on July 9, 1969 and had received from EEOC on July 10, 1970 a notice of right to sue within 30 days. By its answer, General Motors denied that there had been a discriminatory refusal to grant overtime and promotion or other acts of discrimination. By an order dated September 13, 1971 plaintiff was permitted to add International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, local 596 (hereafter UAW) as a defendant and to file and serve an amended complaint within 20 days.
 
 
 2
 The amended complaint sought relief under the Civil Rights Act of 1866, 42 U.S.C. 1981, as well as Title VII of the 1964 Act and asseted jurisdiction to proceed against UAW pursuant to provisions of the Labor Managment Relations Act, 29 U.S.C. 151 et seq. Plaintiff sought to have his action treated as a class action under Rule 23(b)(2), Fed.R.Civ.P. The court refused to permit plaintiff to proceed in this manner and there is no appeal from the order denying a class action. The amended complaint sought preliminary and permanent injunctions as well as damages. In addition to adopting the allegations of discrimination contained in the original complaint, the amended complaint asserted that UAW had been apprised of the situation and by collusion with General Motors was failing to represent the plaintiff in good faith. The collective bargaining agreements between UAW and General Motors were referred to and it was alleged that pursuant to these agreements the defendants '. . . have established a promotional and seniority system, the design, intent and purpose of which is to continue and preserve, and which has the effect of continuing and preserving, the defendants' policy, practice, custom and usage of limiting the employment and promotional opportunity of Jewish employees of the Company because of religion or national origin.' It was further alleged that the amended complaint is based on a series of incidtents '. . . continuously occurring over the plaintiff's period of employment with FISHER BODY, and up to and including the present time or after the filing of the original Complaint. That the acts alleged are continuous in nature and have been and are occurring to the present date, that Equal Employment Opportunity Commission (EEOC) violations have been brought even after the first Complaint was filed and therefore this AMENDED COMPLAINT will air those issues and facts alleged in the original Complaint and perpetuated after the original Complaint was filed.'
 
 
 3
 Both defendants filed answers denying the material allegations of the amended complaint and raising affirmative defenses, including the alleged failure of the plaintiff to exhaust his administrative remedies under the collective bargaining agreement referred to in the amended complaint or his intra-union remedies under the constitution of UAW. They also asserted that the court lacked jurisdiction because of the alleged failure of the plaintiff to file charges with the EEOC within the time permitted by Title VII prior to bringing suit.
 
 
 4
 After taking the plaintiff's deposition, General Motors filed a number of motions, some of which were ruled on by the court in a Memorandum Opinion filed January 26, 1972. The court denied a motion to strike references to 42 U.S.C. 1981, holding that the statute in question was designed to deal with prejudice in the broadest sense and that prejudice against Jews is based upon race as well as religion. The court granted a motion to dismiss the class action claim and ordered that the action be limited to consideration of incidents arising subsequent to May 3, 1967, the date of a consent decree between the parties entered before the Michigan Civil Rights Commission.
 
 
 5
 Following further pretrial discovery, General Motors filed a motion to dismiss on the grounds that plaintiff had failed to file a timely charge with EEOC as required by 42 U.S.C. 2000e-5(b) and (d); that 42 U.S.C. 1981 can serve as a basis for jurisdiction of suits brought only by non-white persons, and that the applicable statute of limitations of Michigan barred any proceeding under 42 U.S.C. 1981. UAW then filed a motion 'for summary judgment or in the alternative to dismiss,' listing the same reasons as given in the General Motors motion and in addition relying upon the alleged failure of the plaintiff to exhaust his contractual and intra-union remedies. The district court granted the motions of both defendants and dismissed the complaint.
 
 
 6
 In his Memorandum Opinion and Order, the district judge held that the court did not have jurisdiction because the plaintiff had failed to file his complaint with the EEOC within the time period prescribed in Title VII. He found that the discrimination complained of occurred on May 10, 1967 and that the claim was filed with EEOC on October 18, 1968 which was more than 17 months after the commission of the discriminatory act. He also held that the actual discrimination complained of by the plaintiff was not of a continuous nature since the plant must reach 100 per cent of its productivity in order for any employee to be eligible to work overtime and that each time such condition is met and plaintiff is denied overtime constitutes a separate violation. He thus held that the continuing violation doctrine does not apply to relieve the plaintiff of the 210-day limit prescribed in Title VII. The court also held that the applicable Michigan statute (M.C.L.A. 423.307(b)) requires that a complaint be filed with the Michigan Civil Rights Commission (hereafter MCRC) within 90 days of the alleged act of discrimination. The court found that the complaint filed with MCRC on September 21, 1967 alleging a violation on May 10, 1967 was not timely. It was further held that failure to file a timely complaint with local or state authorities rendered the plaintiff ineligible to take advantage of the extended 210-day time limit contained in 42 U.S.C. 2000e-5(d). The court also held that the complaint filed in the district court involved a different occurrence from the one referred to in the right to sue letter which was issued by EEOC on July 10, 1970. He found that the charges involved in the right to sue letter were not included in this action until September 28, 1971 with the filing of the amended complaint and that the amendment could not be related back to the date of the original filing under Rule 15(c), Fed.R.Civ.P. It was further held that the filing of the original complaint on August 5, 1970 was barred by the three-year Michigan statute of limitations relating to civil rights actions (M.C.L.A. 600.5805(7)) in the absence of a statute of limitations specifically applying to 42 U.S.C. 1981. Finally, it was held that plaintiff had not exhausted his internal union remedies and that such exhaustion is a condition precedent to the maintenance of any action against UAW.
 
 Timely Filing Under Title VII[1]
 
 7
 It is important to attempt to identify the various steps which the plaintiff took and to place them in chronological order. On September 21, 1967 plaintiff filed a complaint with MCRC alleging that the last act of discrimination occurred on May 10, 1967. This claim was assigned the number 3444-EM and apparently never was filed with EEOC.
 
 
 8
 On October 18, 1968 plaintiff filed a charge of discrimination with EEOC claiming that the last act occurred on October 6, 1968 'and continuing.' This charge was referred by EEOC to MERC within 90 days, bearing file number TCL 9-0296. On January 7, 1969 MCRC wrote to EEOC referring to 'Marlowe -vs- General Motors Corp.' by both file numbers, the one given the 1967 charge by MCRC and the one given the 1968 complaint by EEOC, thus apparently treating the two claims as one, though they referred to different dates on which discriminatory acts took place. On July 9, 1969 plaintiff filed another charge with EEOC claiming that both General Motors and UAW were involved in a conspiracy to restrict his income and harass him. In his September 21, 1967 claim which plaintiff filed with the MCRC (case #3444-EM) the alleged violation was denial of overtime work and the date of the alleged violation was given as 'May 10, 1967 and continuing.' In the complaint which plaintiff filed with EEOC (case file #TCL 9-0296) dated October 18, 1968 plaintiff claimed that he continued to be discriminated against by being denied overtime when production was working 100 per cent and the most recent date on which the discrimination took place was listed as 'October 5, 1968 and continuing.' Question number 4 on the EEOC complaint is, 'Have you filed this charge with a state or local government agency?' The answer which plaintiff gave to this was 'Yes' and the date given was September 1967.
 
 
 9
 When the two instruments are read together it is obvious that plaintiff was attempting to describe a continuing course of conduct which involved a single charge of discrimination involving a number of different dates. However, EEOC did not rely on the prior claim of September 1967 which had never been referred to it, but notified MCRC by letter dated October 29, 1968 of the complaint of October 18, 1968. In its amicus brief EEOC argues that the October 29, 1968 letter to MCRC acted as a referral of the October 18, 1968 charge to the appropriate state agency in compliance with the requirements of 42 U.S.C. 2000e-5(b). If the last act of discrimination in the charge was October 5, 1968, the reference to MCRC fulfilled the requirements of 42 U.S.C. 2000e-5(b) and the formal filing with EEOC on May 8, 1969 was well within the 210 days after such practice as permitted by 42 U.S.C. 2000e-5(d). although there is confusion because of the Different dates and the various filings with MCRC and EEOC, the holding in Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d. 679 (1972), leads us to the conclusion that the district court was in error in holding that it did not have jurisdiction of plaintiff's Title VII claim against General Motors. In Love, the Supreme Court held that EEOC may act on behalf of a petitioner to initiate state proceedings. Although the Michigan Commission appears to have treated the September 1967 and October 1968 complaints as one charge, it is clear that they referred to alleged acts of discrimination which took place on different dates. We believe that the October 18, 1968 charge of discrimination was filed with EEOC in conformity with requirements of the Act and that the district court had jurisdiction of the action since the original complaint was filed within 30 days after receipt of the right to sue letter. To hold otherwise would be to rely upon technicalities which '. . . are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.' 404 U.S. at 527, 92 S.Ct. at 619. In view of this holding it is not necessary to determine whether the 'continuing violation doctrine' applies to extend the time for filing with EEOC.
 
 The Section 1981 Claim
 
 10
 In his amended complaint plaintiff sought damages under 42 U.S.C. 1981 as well as Title VII of the Civil Rights Act of 1964. General Motors argues that 1981 is not available to a white person who has suffered discrimination because its provisions apply only to non-whites. However, no cross-appeal was filed by General Motors and the district court's ruling on this question is not before us. Morley Construction Co. v. Maryland Casualty Co., 300 U.S. 185, 191, 57 S.Ct. 325, 81 L.Ed. 593 (1937).
 
 
 11
 Section 1981 does not contain a statute of limitations and under settled authority the most analogous statute of limitations of the state where the deprivation occurred is applied. Krum v. Sheppard, 407 F.2d 490 (6th Cir. 1967). The fact that the amended complaint also referred to alleged breaches of contract (contract rights being specifically protected by 1981) does not alter the fact that a deprivation of civil rights is primarily the violation of personal rather than property rights. Accordingly, the Michigan three-year statute of limitations (M.C.L.A. 600.5805(7)) relating to an action for damages for injuries to the person applies. The record clearly discloses that an act of discrimination consisting of failure to grant advancement and overtime to plaintiff is alleged to have occurred on May 10, 1967. If the wrongful act did in fact occur on that date, then limitations began to run. The amended complaint seeks damages from General Motors for 'a series of incidents and experiences continuously occurring over the plaintiff's period of employment.' For purposes of the motion to dismiss these allegations must be taken as true. Wachtel v. West, 476 F.2d 1062, 1065 (6th Cir.), cert. denied, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973). In Krum v. Sheppard, supra, the alleged deprivation of civil rights consisted of a single act and the court held that limitations began to run at the time that act was committed. In the present case, recovery under 1981 of damages for injuries resulting from acts of discrimination which occurred more than three years prior to September 28, 1971, the date of filing the amended complaint, is barred by limitations. However, recovery based on acts occurring after September 29, 1968 is not thus barred. If the deprivation is a continuing act, or continuous series of acts, for purposes of limitations it is in the nature of a continuing trespass. Cf., Defnet v. City of Detroit, 327 Mich. 254, 258, 41 N.W.2d 539 (1950). The amended complaint did state a claim against General Motors under 42 U.S.C. 1981 and only those acts of discrimination alleged to have taken place prior to September 29, 1968 are barred by limitations.
 
 
 12
 'The Conspiracy' Charge
 
 
 13
 On July 9, 1969, while his previous charges before MCRC and EEOC were pending, plaintiff filed a new charge of discrimination with EEOC alleging that General Motors and UAW had conspired by secret agreement to assign job duties which otherwise would have provided him with overtime opportunities to a different job category. It was alleged that the secret agreement was entered into about March 1, 1968, but not discovered by plaintiff until July 1, 1969. This charge was assigned case number YCLO 260 by EEOC and an investigation led to a finding on July 29, 1970 that there existed reasonable cause to believe that the conspiracy charge was true. Meanwhile, on July 10, 1970, EEOC issued its right to sue letter with respect to the October 18, 1968 complaint. When the original complaint in this action was filed on August 5, 1970 there was no mention of the 'conspiracy charge' and General Motors was the only defendant. However, the complaint referred to the date of filing of charges with EEOC as July 9, the date the 'conspiracy charge' was filed rather than October 18, 1968 or May 8, 1969, the date of notification and of formal filing of the original charge with EEOC. On April 12, 1971, EEOC issued a right to sue letter to plaintiff with respect to case number YCLO 260, the conspiracy charge.
 
 
 14
 The reference in the original complaint to the charge being filed before EEOC on July 9, 1969 was obviously an error since the original complaint did not name UAW as a defendant and could not, therefore, have sought relief based on 'conspiracy charge.' The amended complaint brought UAW into the case and represented the first allegation in court of concerted action between General Motors and UAW. Since it was filed on September 28, 1971, more than 30 days after the issuance of the right to sue letter, the court lacked jurisdiction to consider the claims under Title VII. 42 U.S.C. 2000e-5(e). It is argued by plaintiff and amicus, however, that his amendment relates back to the original complaint because it concerns subsequent events arising out of a continuing course of conduct which was challenged in the original complaint. While it is true that a complaint under Title VII may deal with all acts reasonably included in the EEOC investigation growing out of the particular charge of discrimination, Tipler v. E. I. duPont deNemours and Co., 443 F.2d 125 (6th Cir. 1971), nevertheless the amendment in this case sought to do more than just place before the court an additional act of alleged discrimination which had occurred subsequent to the filing of the original charge with EEOC. This court has held that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations. United States v. Western Casualty & Surety Co., 359 F.2d 521, 523 (6th Cir. 1966). The 1966 amendment to Fed.R.Civ.P. 15(c) which permits correction of misnomers does not permit the addition or substitution of new parties. Graves v. General Insurance Corporation, 412 F.2d 583 (10th Cir. 1969). Thus the plaintiff cannot recover under Title VII of the Civil Rights Act of 1964 for injuries resulting from the alleged conspiracy between General Motors and UAW.
 
 
 15
 In the amicus brief it is argued that even if plaintiff cannot pursue his conspiracy charge under Title VII, nevertheless the amended complaint states a claim upon which relief may be granted for the alleged acts of conspiracy under 42 U.S.C. 1985(3). Section 1985(3) was not relied on in the pleadings nor was it apparently brought to the attention of the district judge in argument on the motion to dismiss. Since we have concluded that the case must be remanded, the issue will be dealt with in this opinion. This particular section was originally part of the Civil Rights Act of 1871. In Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that 1985(3) is concerned with all deprivation of equal protection of the laws or equal privileges and immunities under the laws. The elements of a conspiracy under 1985(3) are enumerated in Griffin v. Breckenridge, supra, at 102-103, 91 S.Ct. 1790, and the amended complaint in this case must be tested by the requirements set forth therein. Cameron v. Brock, 473 F.2d 608 (6th Cir. 1973); Azar v. Conley, 456 F.2d 1382 (6th Cir. 1972).
 
 
 16
 While the amended complaint dois not use the word 'conspire' or 'conspiracy' it charges wrongful collusion and secret agreements between the defendants. Collusion is defined in Webster's Third International Dictionary Unabridged, 1971 Ed., as 'a secret agreement or secret cooperation for a fraudulent or deceitful purpose.' An example given is 'a secret agreement between two or more persons to defraud a person his rights often by the forms of law.' We believe that the language of the amended complaint meets the requirement that a conspiracy be charged. The complaint also satisfies the other requirements of 1985(3) in that it charges that the collusion of the defendants was for the purpose of depriving plaintiff of equal employment opportunities, that the defendants acted in furtherance of their agreement and the result was injury to the plaintiff. The amended complaint does contain a statement of the basis upon which the court's jurisdiction under 1985(3) could be maintained. Fed.R.Civ.P., Rule 8(a) and (f). Since both defendants were before the court under other allegations of jurisdiction, there would be no prejudice to either of them in determining that jurisdiction exists under 1985(3). Blanchard v. Terry & Wright, Inc., 331 F.2d 467, 469 (6th Cir.), cert. denied, 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964). 28 U.S.C. 1653 provides that defective allegations of jurisdiction may be amended in trial or appellate courts. Upon remand the plaintiff will be permitted to amend for the purpose of asserting jurisdiction under 42 U.S.C. 1985(3). The same holding with respect to limitations under 1981 applies to 1985(3). All acts pursuant to the alleged conspiracy which occurred prior to September 29, 1968 are barred by the three-year Michigan statute of limitations. Krum v. Sheppard, supra.
 
 
 17
 Claims Under the National Labor Relations Act
 
 
 18
 An employee who sues for enforcement of his rights under a collective bargaining agreement subject to 301(a) of the Labor Management Relations Act, 29 U.S.C. 185(a), must ordinarily show that he has attempted to use the grievance procedure provided in the contract before seeking judicial relief. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The collective bargaining agreement between General Motors and UAW, filed as an exhibit in this case, contains a grievance procedure leading to binding arbitration. The national policy in favor of the use of arbitration enunciated by the Supreme Court[2] is recognized. Nevertheless, there are situations in which it would be pointless to require exhaustion of contractual remedies as an absolute prerequiesite to the right of a union member to file suit under 301. Vaca v. Sipes, 386 U.S. 171, 185-186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In view of the allegation of collusion between the employer and the union for the purpose of discriminating against plaintiff, this case appears to present a reasonable exception to the requirement that contractual remedies be first exhausted before judicial relief is sought for failure to fairly represent a union member. Glover v. St. Louis-San Francisco Railway Co., 393 U.S. 324, 329-331, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969).
 
 
 19
 If the conditions alleged by the plaintiff provide and exception to the requirement of exhaustion of the contractual remedies, they would seem to provide an even stronger argument for not requiring that he exhaust his internal union remedies. We have held that a court 'should look to the facts and equities of each case before enforcing . . .' a requirement that all internal remedies must be exhausted before a union member may resort to court proceedings. McCraw v. United Association of Journeymen and Apprentices, etc., 341 F.2d 705, 711 (6th Cir. 1965). If the facts are as alleged in the amended complaint and in plaintiff's deposition, which was before the court on UAW's alternate motion for summary judgment, this is a case where requirement of exhaustion of internal union remedies would be a useless act. In Tipler v. E. I. duPont deNemours, supra, 443 F.2d at 128-129, we approved the method which the plaintiff has followed of proceeding simultaneously under Title VII of the Civil Rights Act of 1964 and the National Labor Relations Act. In the instant case the court should proceed to deal with the charge of discrimination as set forth in the amended complaint without requiring that either contractual remedies or internal union remedies be exhausted.
 
 
 20
 Nothing in this opinion should be taken as an indication that the court has reached any conclusion on the merits of this case. Some of the contentions of the plaintiff as set forth in the complaint and amended complaint are imprecise and confusing. Nevertheless, taken as a whole, the pleadings of the plaintiff when tested by a motion to dismiss do state one or more claims upon which relief may be granted under the various federal civil rights acts. Thfy also adequately charge UAW with failure to represent plaintiff properly in his efforts to be free of discrimination. In Azar v. Conley, supra, we quoted with approval the following language from Scher v. Board of Education of West Orange, 424 F.2d 741, 744 (3rd Cir. 1970):
 
 
 21
 A case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. 456 F.2d at 1391. No such certainty appears from an examination of the record before us.
 
 
 22
 The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 42 U.S.C. 2000e-5 provides, in part, as follows:
 (b) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.
 (d) A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred, except that in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section, such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.
 (e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Upon timely application, the court may, in its discretion, permit the Attorney General to intervene in such civil action if he certifies that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsection (b) of this section or the efforts of the Commission to obtain voluntary compliance.
 
 
 [2]
 See Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Steelworkers v. Warrior and Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)