**Carol J. WOODRUM, aka, Carol Jones— for herself Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**ABBOTT LINEN SUPPLY CO., Defendant.**

**No. C–1–74–428.**

United States District Court, S. D. Ohio, W. D.

Feb. 10, 1977.

---

1. See laws both decisional and statutory cited in fn. 17, *Baird v. Bellotti,* 393 F.Supp. 847, 864 (dissenting opinion).

Haskell Bazell, Marc D. Mezibov, Cincinnati, Ohio, for plaintiff.

Gregory J. Meurer, Cincinnati, Ohio, for defendant.

ORDER OF PARTIAL DISMISSAL

HOGAN, Chief Judge.

This is a sex discrimination action brought by the plaintiff Carol Woodrum

against her former employer Abbott Linen Supply Company ("Abbott").

The defendant has moved for summary judgment on a number of grounds which are considered separately herein.

## I. LACHES

■ Abbott maintains that the plaintiff is barred from recovery on the basis of the doctrine of laches. That doctrine is applicable only to actions brought in equity, and not to those brought at law, nor is it available where a legislative body has fixed a period within which the action may be brought, 30A C.J.S. Equity § 113, pp. 28–29 (1965).

■ While some remedies available under Title VII have been held to be equitable in nature, damages of the type generally available at law are also generally available to a prevailing Title VII plaintiff and are, together with equitable-type remedies, sought in this action, see, e. g., United States v. Georgia Power Co., 474 F.2d 906, 923 n. 22 (5th Cir. 1973).

Weighing remedies available generally or sought particularly is not necessary in Title VII cases, however, for Congress has specifically fixed the period for bringing such an action as within 90 days of the issuance of the "right to sue" letter issued by the Equal Employment Opportunity Commission ("EEOC"). The plaintiff in this action has complied with that prerequisite.

This Court is aware of no case applying laches to the maintenance of a Title VII action. All of the cases cited by the defendant stand for the premise that (1) many of the remedies available under Title VII are remedial in nature, and/or (2) laches is properly applied to the court's discretionary weighing of factors relevant to remedies. To that extent the Court reserves the question of whether laches ought to be applied to any remedial activity of this Court.

■ The defendant has, in essence, sought to attack delays in the processing of the EEOC complaint filed by the plaintiff, rather than the promptness with which the plaintiff brought her judicial suit. The

plaintiff may or may not have contributed to that delay. This Court does not consider it within any of its powers to interfere with the cited administrative procedures of that agency, and consequently does not consider the validity of the defendant's charges as proper questions for judicial review or sanction.

## II. CLAIMS UNDER § 1985 and § 1988; CLAIMS UNDER FAIR LABOR STANDARDS ACT

The plaintiff has conceded those arguments of the defendant as to claims raised under 42 U.S.C. §§ 1985 and 1988, and those claims will be dismissed.

Similarly the claims advanced in the complaint under the Fair Labor Standards Act will also be dismissed.

## III. SCOPE OF JUDICIAL COMPLAINT

■ The defendant has moved to dismiss seven of the plaintiff's nine claimed discriminatory practices. Both plaintiff and defendant have agreed that this action is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charges of discrimination, Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970). That does not limit the scope of the judicial complaint to the actual EEOC investigation, Macklin v. Spector Motor Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979, 988 (1973), Danner v. Phillips Petroleum, 447 F.2d 159, 162 (5th Cir. 1971); see also, Smith v. Delta Airlines, Inc., 486 F.2d 512, 515–516 (5th Cir. 1973), Williams v. Southern Railway System, No. C–1–74–442 (S.D.Ohio, November 2, 1976) (Slip Opinion at 5–6, Docket No. 65).

Paragraphs 9(A) (sex segregated job classification) and 9(F) (equal pay) of the complaint are not disputed by the defendant. The plaintiff has apparently conceded that paragraphs 9(B), (C), (E), (F), (G) and (I) are not related to the scope of an EEOC investigation, and those parts of the complaint are not considered here.

■ The plaintiff contends that paragraph 9(D) (policies and practices with respect, but not limited to, wages and job assignment and other terms of employment which deny equal opportunity on the basis of sex) is within the scope of the EEOC investigation. Certainly policies and practices with respect to wages and job classifications, qualify as within the scope of an EEOC investigation into the Jones (Woodrum) complaint. "Other terms of employment" which unlawfully discriminate against the plaintiff on the basis of sex are also within the scope of an investigation into the complaint, and claims under paragraph 9(D) are therefore properly before the Court. That claim is, of course, limited to policies and practices alleged to have affected the plaintiff as a supervisor, and cannot be used to lead into claims relating to alleged policies or practices outside of that scope.

■ Paragraph 9(H), on the other hand, relates to the negotiation of contractual provisions relating to sex discrimination. The strong inference is that that claim relates to union-management contracts covering union employees. Since the plaintiff's complaint appears to be related to supervisory, non-contract classifications, the refusal to negotiate to eliminate policies and practices in union contracts could not apply to the plaintiff. Even if the plaintiff's classification could be shown to have been subject to negotiation, the Court finds that the issue was not raised in the EEOC investigation, nor could it reasonably have arisen in such an investigation.

The plaintiff will be allowed to proceed on paragraphs 9(A), 9(D) and 9(F) of the complaint; claims under paragraphs 9(B), 9(C), 9(E), 9(G), 9(H), and 9(I) will be dismissed.

## IV. TITLE VII STATUTE OF LIMITATIONS

The plaintiff's judicial complaint, fairly read, charges a continuous violation of provisions of Title VII. The defendant seeks to limit the plaintiff's claim to cover alleged acts occurring within two years of the filing of a charge with the EEOC, that is acts on or after January 27, 1969, citing the two-year back pay provisions of 42 U.S.C. § 2000e–5(g).

■ The plaintiff argues in the memo *contra* the defendant's motion for summary judgment that the period of limitations for back pay in § 2000e–5(g) does not preclude the award of damages other than back pay for a greater period in cases involving a continuous violation. That premise is generally accepted by the Court, *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973). The plaintiff's pretrial statement, however, implies that the three-year statute of limitations in the Fair Labor Standards Act, 29 U.S.C. § 206(d) applies to damages and to back pay. Since the plaintiff has previously not opposed the dismissal of the Fair Labor Standards Act claim, and since there appears to be no incorporation of that Act's statute of limitations to Title VII actions, this Court will adhere to the two-year back pay rule as set forth in § 2000e–5(g). It follows that back pay, if awarded, will be limited to that period after January 27, 1969.[1] The continuing nature of the violation, however, will not foreclose other appropriate damages, if any, dating from February 27, 1968, the date on which the plaintiff was made a supervisor.

## CONCLUSION

The plaintiff's claims as stated under paragraphs 9(B), (C), (E), (G), (H), and (I) are dismissed.

Claims stated under the Fair Labor Standards Act and 42 U.S.C. §§ 1985 and 1988 are dismissed.

Back pay claims, if any, are limited to the period after January 27, 1969. Other damages, if any, will be limited to the period after February 22, 1969.

1. The date of the filing of the complaint with the EEOC—January 27, 1971—and not the date of the most recent violation charged in the complaint, is the date used to compute the two-year back pay period, § 2000e–5(g).

The motion for summary judgment is in all other respects denied.

IT IS SO ORDERED.