**BENJAMIN ACOSTA, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. No. 86–1650 HL.**

United States District Court, D. Puerto Rico.

March 8, 1988.

José Luis Ubarri, Law Offices Benjamín Acosta, Jr., San Juan, P.R., for Benjamin Acosta, Inc.

José M. Pizarro–Zayas, Asst. U.S. Atty., Hato Rey, P.R., for U.S.

José David Medina Rivera, Hato Rey, P.R., for Corporación de Crédito Agrícola.

Francisco Navarro Mendia, Santurce, P.R., for Autoridad De Tierras de P.R.

## OPINION AND ORDER

LAFFITTE, District Judge.

It may be frightening, but it is true. There exists no statutory provision in Puerto Rico establishing an attorney's lien on money obtained in a judgment or settlement. *Cornier v. Superior Court,* 96 P.R. R. 246 (1968); *Martinez v. Hernandez,* 456 F.2d 262, 264 (1st Cir.1972). The prior existence of a valid contingent fee agreement between attorney and successful client has no effect on this situation. *Id.* Where, as here, the Internal Revenue Service ("IRS") places a tax lien on a taxpayer's property, including the potential proceeds from an unrelated judicial claim being brought by the taxpayer, the attorney whose services resulted in a money judgment has no priority or right in this jurisdiction to deduct his fees before the tax liability is satisfied.

Plaintiff is a firm of independent insurance adjusters, surveyors, and settling agents. Plaintiff has deposited with the Court $130,000, representing the settlement figure obtained in three civil actions instituted by April–Agro Industries, Inc., the taxpayer, and obtained through, in part, the professional services rendered by plaintiff. As consideration for its services, April–Agro had agreed at the time of institution of the actions in 1983 that plaintiff would receive 20% of any settlement or judgment amount. In May 1986, while the actions remained pending before the court, the IRS filed various notices of federal tax liens against the taxpayer for sums far in

excess of the $130,000 judgment. On June 6, 1986 April–Agro transferred certain of its assets to Corporación de Crédito Agrícola de Puerto Rico ("CCA") and Autoridad de Tierras de Puerto Rico, including the right to any money obtained in the three aforementioned civil actions. When the cases were settled sometime later for $130,000, and upon receipt of a check in that amount made out to CCA, rather than complying with the tax levies, plaintiff filed the instant suit seeking a judicial determination that it is entitled to retain 20% of the $130,000, naming as defendants the IRS, CCA, and Autoridad de Tierras.

There is no dispute that the three civil actions constituted personal property of the taxpayer as defined by Puerto Rico law. 2 L.P.R.A. 255. The question of whether property is owned by a taxpayer is determined by state law. *Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). But once it is determined that a taxpayer owns property to which a lien may attach, federal law establishes the relative priorities between the federal tax lien and other creditor's claims. Accordingly, 26 U.S.C. sect. 6323 establishes a tax lien's relative "Validity and Priority Against Certain Persons" with competing claims. Sect. 6323(b) lists ten categories of creditors who are accorded superpriority under the tax code even though, as here, notice of the tax lien has been filed. Subsection 8, the only category possibly applicable to plaintiff, provides:

> Attorneys' liens.—With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, *under local law,* holds a lien upon or a contract enforcible against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement ... (Underline added.)

Thus, federal law recognizes the priority of an attorney lien over a federal tax lien only if and to the extent that local law recognizes attorney liens. *See McKee–Burger Mansueto, Inc. v. Board of Education,* 691 F.2d 828, 834 (7th Cir.1982). As stated at

the outset of this opinion, Puerto Rico law does not provide for attorney liens. Therefore, even though it seems fair that plaintiff should be compensated for increasing the assets of the taxpayer available for application to tax payment, plaintiff has no right to deduct its fees from the settlement amount.[1] Between the IRS and plaintiff, the IRS has the right to all of the money.

As for codefendant CCA, which was assigned the right to the causes of action one month after the notices of tax liens were filed, its claim is inferior to and postdates that of the IRS. CCA has not opposed the motion for summary judgment of the IRS. Plaintiff requests voluntary dismissal against codefendant Autoridad de Tierras.

WHEREFORE, the motion for summary judgment of codefendant IRS is hereby GRANTED. It is adjudged that the entire $130,000 on deposit with the Court belongs to the IRS. The Clerk is directed to DISMISS the case.

IT IS SO ORDERED.

---

1. The IRS also argues that because plaintiff is not a law firm, sect. 6323(b)(8) does not apply to it. Since we decide that attorney liens are not available in Puerto Rico, it is not necessary to resolve this issue. We do note, however, the inherent, guild-like chauvinism underlying the IRS' argument that a firm which provides the services contemplated in sect. 6323(b)(8) may not, nevertheless, obtain the benefits of said section merely because it is not a "law" firm. Furthermore, the 20% fee claimed by plaintiff subsumes the cost of attorneys employed and supervised by plaintiff to prosecute the civil actions. At the least those out-of-pocket costs would be recoverable.