REGINA DAVIS ET AL., APPELLEES, V. FRATERNAL ORDER OF POLICE
LODGE NO. 8 OF DOUGLAS COUNTY, NEBRASKA, APPELLANT.
731 N.W.2d 901

Filed April 10, 2007.   No. A-04-1189.

John E. Corrigan, of Dowd, Howard & Corrigan, L.L.C., for appellant.

Thomas M. White, C. Thomas White, and Amy S. Milligan, Senior Certified Law Student, of White & Wulff, for appellees.

INBODY, Chief Judge, and IRWIN and CARLSON, Judges.

PER CURIAM.

## I. INTRODUCTION

The Fraternal Order of Police Lodge No. 8 of Douglas County, Nebraska (FOP), appeals from the judgment of the Nebraska Commission of Industrial Relations (CIR) finding that the CIR

had jurisdiction over the claims of the parties who brought suit in this action (Appellees), finding that Appellees' claims were filed within the applicable statute of limitations, and granting Appellees relief on their claims that the FOP failed to properly represent the females among Appellees. On appeal, the FOP challenges the CIR's finding concerning jurisdiction, the CIR's finding concerning the statute of limitations, and the CIR's finding on the merits of Appellees' claims. We find that the CIR had jurisdiction over the claims. We find that the CIR did not err in finding a continuing violation of Appellees' rights and, accordingly, did not err in finding that the statute of limitations did not bar Appellees' claims. We also find no merit to the FOP's claims concerning the merits of Appellees' claims. As such, we affirm.

## II. BACKGROUND

On October 31, 2003, Appellees—Regina Davis, Dawn Russell-Cummings, Danielle Matthews, Tina Meyers, Delores Simpson, Chantella Wallace, Jack Nelson, and Johnnie Mann— filed a complaint with the CIR. In their complaint, Appellees asserted that the females among Appellees and Mann were employed as correctional officers in a correctional facility in Douglas County and that Nelson was "employed as a Douglas County correctional officer and was a steward of the [FOP]." Appellees further alleged that the FOP "is an organization within the definition of Neb.Rev.Stat. Section 48-801 consisting of correction officers employed by Douglas County, Nebraska at its correctional facility and is the recognized bargaining agent of said correction officers," and they sought to invoke jurisdiction of the CIR pursuant to Neb. Rev. Stat. § 48-811 (Reissue 2004) based on allegations that the FOP had refused to fairly represent Appellees in collective bargaining and in matters of discipline and grievances.

Appellees alleged in their complaint that the FOP had engaged in prohibited practices in violation of Neb. Rev. Stat. § 48-824 (Reissue 2004), including refusing to fairly bargain with the employer, Douglas County, to seek rule changes concerning (1) using only female guards to supervise female prisoners, (2) denying seniority rights of female guards in bids for work shifts, vacation, overtime, and similar matters, and (3) providing adequate relief for female guards to address various sanitary needs;

actively opposing and harassing the females among Appellees in the females' efforts to obtain equal working conditions and opposing the females' attempts to secure changes in the terms and conditions of their employment; refusing to represent, and using the FOP's resources to actively oppose, Appellees' efforts to obtain equal terms and conditions of employment in lobbying before the Nebraska Legislature and Douglas County; and failing and refusing to advocate for female and minority members of the bargaining unit confronted with grievances and disciplinary matters. Appellees also alleged that the FOP failed and refused to make adequate disclosure to members of the bargaining unit concerning contract negotiations with Douglas County. Appellees additionally alleged that improper and unauthorized expenditures were being made from the FOP's funds. Appellee Nelson alleged that the FOP denied minority members of the bargaining unit representation in disciplinary matters, and he cited a specific incident wherein the FOP refused to assist in a disciplinary hearing where Nelson as an individual successfully represented the minority employee and, allegedly in retaliation, the FOP removed Nelson from the office of union steward. Finally, Appellees alleged that the acts of the FOP were ongoing and continuing within the 6 months immediately preceding Appellees' filing of their complaint.

On November 20, 2003, the FOP filed its answer to Appellees' complaint. The FOP denied the claims made by Appellees regarding prohibited practices. It further pled a number of affirmative defenses, including that the CIR lacked subject matter jurisdiction, that Appellees had failed to file their complaint within the applicable statute of limitations, and that Appellees had failed to set forth facts sufficient to state a cause of action. Accordingly, the FOP prayed that the complaint be dismissed.

On November 26, 2003, the FOP filed a motion to dismiss. In the motion, the FOP reasserted its claims concerning the CIR's subject matter jurisdiction, the statute of limitations, and the sufficiency of Appellees' allegations to state a cause of action. On December 18, after telephonic hearings were held on the motion, the CIR filed an order overruling the motion. The CIR found that it had jurisdiction, but "question[ed] its ability to render an appropriate and effective remedy."

Proceedings were had before the CIR beginning on April 27, 2004. Appellees and the FOP each presented testimony from witnesses and introduced several exhibits into evidence. Appellees presented testimony from numerous female correctional officers indicating that female officers had a difficult time receiving adequate restroom breaks and that female officers often received fewer preferential shifts and were often required to work more forced overtime hours than their male counterparts. Further, there was testimony from the females among Appellees indicating that they were unable to get time to address such issues at union meetings and that the union, the FOP, had not made any efforts to address the problems. Specific testimony and the contents of said exhibits will be discussed as necessary in the analysis section of our opinion.

On September 20, 2004, the CIR issued its order. The CIR determined that it had subject matter jurisdiction over Appellees' claims and that the applicable statute of limitations had not run on Appellees' fair representation claims because the claims indicated a continuing violation of their rights. On the merits of Appellees' claims, the CIR found that the FOP had failed to meet its duty of fair representation with regard to certain of Appellees' claims concerning refusing to fairly bargain with Douglas County to obtain rule changes concerning the use of only female guards to supervise female prisoners; the denial of seniority rights of female guards in bids for work shifts, vacation, forced overtime, and similar matters; and providing adequate relief for female guards to address various sanitary needs.

The CIR ordered the FOP to "cease and desist from any further discrimination in its representation of women," to "uphold its duty to fairly represent women whether or not they are members or non-members," and to "allow a fair opportunity for the women to present their issues to the union membership as a whole." Regarding Appellees' additional allegations, the CIR either dismissed the claims or found that the evidence presented by Appellees did not support the claims, including all allegations made by the males among Appellees. The FOP has timely appealed to this court, and no cross-appeal was filed by any of Appellees.

### III. ASSIGNMENTS OF ERROR

The FOP asserts that the CIR erred when it found that it had subject matter jurisdiction over Appellees' allegations against the FOP, when it found that Appellees brought their action within the applicable statute of limitations, and when it found that the FOP had breached a duty of fair representation to the females among Appellees.

### IV. ANALYSIS

#### 1. STANDARD OF REVIEW

■ Any order or decision of the CIR may be modified, reversed, or set aside by an appellate court only on one or more of the following grounds: (1) if the CIR acts without or in excess of its powers, (2) if the order of the CIR was procured by fraud or is contrary to law, (3) if the facts found by the CIR do not support the order, and (4) if the order is not supported by a preponderance of the competent evidence on the record considered as a whole. See *Hyannis Ed. Assn. v. Grant Cty. Sch. Dist. No. 38-0011*, 269 Neb. 956, 698 N.W.2d 45 (2005).

■ In an appeal from a CIR order regarding practices prohibited in § 48-824, the CIR's factual findings will be affirmed if, considering the whole record, a trier of fact could reasonably conclude that the finding is supported by a preponderance of the competent evidence. See *Crete Ed. Assn. v. Saline Cty. Sch. Dist. No. 76-0002*, 265 Neb. 8, 654 N.W.2d 166 (2002). This court will consider the fact that the CIR, sitting as the trier of fact, saw and heard the witnesses and observed their demeanor while testifying and will give weight to the CIR's judgment as to credibility. *Id.*

#### 2. JURISDICTION

The FOP first alleges that the CIR lacked subject matter jurisdiction over the claims made by Appellees. We find that the CIR had jurisdiction over Appellees' claims because Appellees alleged that the FOP had engaged in practices prohibited by § 48-824. There is no merit to the FOP's claim to the contrary.

■ As the CIR noted, where state statutory provisions are substantially similar to the National Labor Relations Act (NLRA) and the issue is not definitively settled in Nebraska, it is appropriate to look to the National Labor Relations Board (NLRB)

decisions for guidance. See *Nebraska Pub. Emp. v. Otoe Cty.*, 257 Neb. 50, 595 N.W.2d 237 (1999). The Nebraska Supreme Court has held that "'[d]ecisions under the NLRB . . . are helpful where there are similar provisions under the Nebraska statutes.'" *Id.* at 63, 595 N.W.2d at 250 (quoting *University Police Officers Union v. University of Nebraska*, 203 Neb. 4, 277 N.W.2d 529 (1979)).

Section 48-811 provides for the invocation of the CIR's jurisdiction:

Except as provided in the State Employees Collective Bargaining Act, any employer, employee, or labor organization, or the Attorney General of Nebraska on his or her own initiative or by order of the Governor, when any industrial dispute exists between parties as set forth in section 48-810, may file a petition with the [CIR] invoking its jurisdiction. No adverse action by threat or harassment shall be taken against any employee because of any petition filing by such employee, and the employment status of such employee shall not be altered in any way pending disposition of the petition by the [CIR].

Further, § 48-824(1) provides that "[i]t is a prohibited practice for any employer, employee, employee organization, or collective-bargaining agent to refuse to negotiate in good faith with respect to mandatory topics of bargaining."

After fully examining the briefs of the parties and the order of the CIR, we conclude that the CIR was correct in determining that it "ha[d] the authority to determine prohibited practices with regard to the specific issue of the duty of fair representation." The CIR has jurisdiction over the prohibited practices discussed in § 48-824, and as noted earlier, § 48-824(1) provides that it is a prohibited practice for an employee organization to refuse to negotiate in good faith regarding mandatory topics of bargaining.

We give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See *McCray v. Nebraska State Patrol*, 271 Neb. 1, 710 N.W.2d 300 (2006). Topics such as forced overtime, employee safety, and seniority certainly fit under the broad umbrella of "mandatory

topics of bargaining." See § 48-824(1). Therefore, the CIR was correct in finding that it had subject matter jurisdiction in the instant case. This assignment of error is without merit.

### 3. STATUTE OF LIMITATIONS

The FOP next alleges that the CIR committed error when it found that Appellees' claims were not barred by the applicable statute of limitations. Specifically, the FOP claims that Appellees' claims do not comply with the limitations set forth in Neb. Rev. Stat. § 48-825(1) (Reissue 2004). We disagree with the FOP and agree with the finding of the CIR that Appellees' claims were not barred by the statute of limitations, because the FOP's conduct as alleged in Appellees' claims constituted a continuing violation of their rights.

Section 48-825(1) provides the procedure for parties to commence an action before the CIR based on practices prohibited by § 48-824. Section 48-825(1) requires the filing of a complaint with the CIR within 180 days "after the alleged violation." As the CIR noted, the limitation period for duty of fair representation claims begins to run when the cause of action accrues—when the employee discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. See, *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir. 1986); *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir. 1984); *Farr v. H.K. Porter Co. Inc.*, 727 F.2d 502 (5th Cir. 1984).

In cases of continuing conduct, however, the statute of limitations ordinarily runs from the occurrence of each discriminatory act. See *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99 (1st Cir. 1979). As the CIR noted, courts have accepted the continuing violation theory in the duty of fair representation context in cases where the union has engaged in sex- or race-based discrimination. See, *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973); *Jamison v. Olga Coal Company*, 335 F. Supp. 454 (S.D. W. Va. 1971). The continuing violation theory, however, cannot be used to defeat a statute of limitations defense where there clearly is a discrete act which establishes damages accruing to the plaintiff. See, *Delaware State College v. Ricks*, 449 U.S. 250, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980), *abrogated on other grounds, Patterson v. McLean Credit Union*, 491 U.S. 164, 109

S. Ct. 2363, 105 L. Ed. 2d 132 (1989); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S. Ct. 1885, 52 L. Ed. 2d 571 (1977). There is no continuing violation sufficient to delay the running of the statute of limitations if the conduct within the applicable limitations period is only unlawful in light of conduct outside of the limitations period. See *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910 (7th Cir. 1999) (construing similar limitations period under NLRA).

The primary issue to be resolved concerning the statute of limitations in this case is whether Appellees' claims of gender-based discrimination by the FOP's failure to fairly represent them describe acts which constitute continuing violations sufficient to delay the running of the statute of limitations. The evidence indicates that as far back as 2000, the females among Appellees were experiencing difficulties with the FOP's representation of them, and that since that time, they had attempted to get the FOP to address these issues. The evidence also indicates, however, that these matters continued and were ongoing through the time of the hearing before the CIR. Because Appellees did not file a complaint with the CIR until October 31, 2003, the complaint was clearly filed outside the 180-day limitations period based on the onset of the alleged discrimination. If, however, the FOP's actions and inactions constitute a continuing violation of Appellees' rights, the statute of limitations would not bar the claims.

As noted earlier, decisions of the NLRB provide guidance and are helpful to the CIR in resolving issues where there are similar state statutory provisions. *Operating Engrs. Local 571 v. City of Plattsmouth*, 265 Neb. 817, 660 N.W.2d 480 (2003). The NLRA provides a 6-month statute of limitations for NLRB proceedings, while § 48-825(1) provides a 180-day statute of limitations for CIR proceedings; accordingly, the provisions are similar and NLRB cases can provide guidance. The Seventh Circuit has explained that under the NLRA, a continuing violation exists where there are unlawful acts by the union occurring within the limitations period, but no continuing violation exists if the conduct within the limitations period is unlawful only in light of conduct occurring outside of the limitations period. See *Christiansen v. APV Crepaco, Inc., supra.*

We agree with the CIR that the facts of the present case are comparable to the facts of *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973). In *Marlowe v. Fisher Body*, an employee alleged ongoing discrimination by the union itself in the course of an ongoing conspiracy with the employer. The alleged conspiracy between the union and the employer was one to establish and preserve a seniority system limiting employment and promotional opportunities of Jewish employees, and the allegedly discriminatory acts by the union had occurred within the limitations period. On those facts, the appellate court found that is was "not necessary to determine whether the 'continuing violation doctrine' applie[d]," although the employee had alleged an ongoing pattern of illegal activity which included illegal acts by the union occurring within the limitations period. *Id.* at 1063. Nevertheless, the union's continuing illegal activity was not illegal only in light of the union's first discrete failure to fairly represent the employee, but was a continuing course of illegal conduct.

Similarly, in the present case, the females among Appellees demonstrated that the FOP has continually engaged in illegal activity which is illegal in and of itself, not only in light of a discrete act occurring outside of the limitations period. For that reason, the CIR correctly relied on *Marlowe v. Fisher Body, supra*, and correctly found that Appellees have demonstrated a continuing violation.

In the instant case, Davis testified that as far back as 2000, female officers were having difficulty receiving adequate restroom breaks, and that since 2000, she had attempted to get the FOP to address this issue. She discussed a meeting with the FOP's executive board in which a group of female officers approached the FOP for help in changing their work conditions and rules. The evidence indicates that the FOP did nothing to address these issues and that the FOP's failure to represent the females among Appellees was ongoing through the time of the hearing before the CIR.

It further appears from the record that the issues facing the females among Appellees occurred as a result of Neb. Rev. Stat. § 47-111 (Reissue 2004). The testimony at trial indicates that the issues complained of by the females, including inadequate bathroom breaks and mandatory overtime, occurred as a result of this

statute. The evidence presented to the CIR demonstrated that even through the time of the hearing, the FOP had failed to represent the females among Appellees in seeking changes to this statute and had actively opposed efforts to address the females' concerns.

On January 3, 2003, a memorandum was sent to all correctional staff from the chief deputy for the Douglas County Department of Corrections. This memorandum indicated that the department intended to request a change in § 47-111, in order to alleviate the problems faced by the females among Appellees. However, on January 29, another memorandum was presented to all correctional employees from the chief deputy notifying all employees that the FOP was "'adamantly' opposed to the attempted change in [§ 47-111] and 'will do whatever [it] can' to make sure it does not happen." The January 29 memorandum further provided that "[a]t the conclusion of [a] meeting" between FOP representatives, their attorney, a sheriff, the chief deputy, a county attorney, and others, "it was decided that this issue would not be pursued." The memorandum stated, "The meeting took place on January 9, 2003 and there has been no further attempt on the part of Administration to change the statute."

As the CIR found, Appellees presented evidence establishing a continuing pattern of gender-based discrimination by the FOP. Additionally, the CIR found evidence indicating that the FOP and Douglas County were, at the time of the hearing and the CIR's order, in negotiations for the next 2-year contract for the years 2003 to 2005. At the time of that hearing and order, the FOP continued to have the ability to negotiate issues that are mandatory subjects of bargaining, such as the issues complained of by the females among Appellees concerning employee safety, seniority, and forced overtime. This ongoing conduct by the FOP constituted unlawful acts occurring within the limitations period and was not illegal only in light of other conduct occurring outside of the limitations period. See *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910 (7th Cir. 1999). Therefore, as the CIR found, there was a continuing violation of the females' rights and the statute of limitations was not a bar to their claims.

A further understanding of why the CIR was correct in finding a continuing violation can be achieved by contrasting the facts of

the present case with the facts of *Christiansen v. APV Crepaco, Inc., supra,* in which the court found no continuing violation because the actions of the union were unlawful only in light of conduct outside of the limitations period. In *Christiansen,* an employee brought a fair representation claim based on the union's failure to pursue a grievance on behalf of the employee. That grievance was based on the employee's undertaking of additional training and not receiving a previously negotiated increase in pay in light of the additional training. On those facts, the appellate court found that the union's conduct, failing to pursue a grievance, was unlawful only in light of a discrete act occurring outside of the limitations period, the employer's failure to increase the employee's pay after a specific completion of additional training. All continuing failures to pursue a grievance on behalf of the employee were unlawful only in light of that single discrete conduct that occurred outside of the limitations period.

In contrast, the facts of the present case do not indicate that the FOP's failure to fairly represent the females among Appellees is unlawful only in light of a single discrete action occurring outside of the limitations period. Rather, the FOP's failure to fairly represent the females is an ongoing illegal activity in and of itself and was ongoing and continuing through the time of the CIR hearing. In this regard, the facts of the present case are more comparable to the facts of *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973), the case relied upon by the CIR.

Finally, the ramifications of finding Appellees' claims barred by the statute of limitations further demonstrate why these claims are not barred by the statute of limitations. In *Christiansen v. APV Crepaco, Inc., supra,* the employee was seeking relief for a single discrete action—the employer's failure to provide a negotiated pay increase attendant to additional training. Although the "effects" of that failure continued into the future, there was not an ongoing illegal activity that would be allowed to continue by barring the employee's claim. In the present case, the practical effect of finding that the ongoing illegal activity by the FOP is not a continuing violation would be to bar Appellees from ever seeking to stop the FOP's gender-based discrimination; any claim based on the FOP's failure to represent and seek rule changes would be barred, and the FOP would, in essence, be given free license to

continue discriminating in this fashion in perpetuity. Such further demonstrates why the FOP's actions constitute an ongoing violation, unlike the union's actions in *Christiansen v. APV Crepaco, Inc., supra.* This assignment of error is without merit.

### 4. Breach of Duty

Finally, the FOP alleges that the CIR erred in finding that the FOP breached a duty of fair representation to the females among Appellees. Considering the whole record, we conclude that a trier of fact could reasonably conclude that the CIR's finding is supported by a preponderance of the competent evidence, and we give weight to the CIR's judgment as to credibility of the witnesses appearing before the CIR.

As recounted above, the females among Appellees presented evidence indicating that the FOP was refusing to fairly represent the females in seeking rule changes concerning their safety and welfare, seniority, and forced overtime. Considering the whole record, and giving weight to the CIR's judgment concerning the credibility of the various witnesses appearing at the hearing, we affirm the CIR's factual finding concerning the FOP's breach of its duty of fair representation. This assignment of error is without merit.

## V. CONCLUSION

We find that the CIR correctly concluded that it had subject matter jurisdiction over Appellees' claims. We determine that the CIR's conclusion that Appellees' claims were not barred by the statute of limitations was correct. We also affirm the CIR's factual finding concerning the FOP's breach of its duty of fair representation. As such, we affirm the decision of the CIR.

AFFIRMED.

INBODY, Chief Judge, dissenting.

While I agree with the majority that the CIR had subject matter jurisdiction over the appellees' claims, I must respectfully dissent from the portion of the majority opinion affirming the CIR's finding that the appellees' claims were not barred by the applicable statute of limitations.

In its order, the CIR noted that like the issue of subject matter jurisdiction, "[t]he issue of the statute of limitations under any

duty of fair representation in Nebraska is one of first impression." The CIR found as follows:

> The limitation period for duty of fair representation claims begins to run when the cause of action accrues. Many federal courts have determined that accrual occurs when the employee discovered, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. . . . However, in the instant case, the [appellees] allege that [the FOP] has committed continuing violations that have occurred for years in the past and have continued up until the filing of this [complaint] and in certain instances still occur. . . .
>
> In the instant case, the [appellees] have presented a significant amount of evidence that establishes a clear and continuing pattern of activity on the part of the [FOP]. Furthermore, the [FOP] and Douglas County are currently in negotiations for their next two-year contract for the years of 2003 to 2005. The parties' current contract expired in July of 2003 and they are operating under a contract continuation clause in the 2001 to 2003 contract. The [FOP] continues to have the ability to negotiate any issues that are mandatory subjects of bargaining. Therefore, no cause of action has accrued with regard to any negotiable issues. Furthermore, the issues are ongoing. The evidence presented at trial, like in *Marlowe*[ *v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973)], clearly established that the [FOP's] actions or lack thereof have continuously occurred over the [appellees'] employment . . . and up to and including the present time or after the filing of the original complaint. Therefore, we find that the remaining [appellees'] allegations are not barred by any expiration of the statute of limitations under NEB. REV. STAT. § 48-825(1).

The CIR found that the FOP had continually failed to address the female appellees' claims and that this constituted "a clear and continuing pattern of activity on the part of the [FOP]." However, in its brief, the FOP claims that the CIR's finding of a continuing violation "fails to cite even one overt act on the part of the [FOP] that occurred during the statutory period." Brief for appellant at 32. Further, in its order, the CIR did note, when dealing with the

merits of the appellees' claims, that the appellees "did not prove that the [FOP] was actively opposing or harassing [the] female [appellees] in their efforts to obtain equal working conditions and any attempt to secure changes in the terms and the conditions of their employment." The CIR further noted that "[i]nstead, most of the evidence surrounds the [FOP's] *inaction*, as opposed to any active opposition or harassing efforts." (Emphasis supplied.) Also, the only claim of the appellees sustained by the CIR was that the FOP had "refus[ed] to fairly bargain with the employer, Douglas County, in the matter of rule changes."

Decisions of the NLRB provide guidance and are helpful to the CIR in resolving issues where there are similar state statutory provisions. *International Union of Operating Engineers Local 571 v. City of Plattsmouth*, 265 Neb. 817, 660 N.W.2d 480 (2003). The NLRA provides a 6-month statute of limitations, while § 48-825(1) provides that a party must commence an action in the CIR by filing a complaint with the commission within 180 days after the alleged violation. Therefore, the provisions are similar.

In cases governed by the NLRA's 6-month statute of limitations, the statute of limitations begins running when the employee should reasonably have known of the union's alleged breach. *Scott v. United Auto.(UAW Union), Local 879*, 242 F.3d 837 (8th Cir. 2001).

> A continuing violation requires unlawful acts to occur within the limitations period. *See Local No. 1424, Int'l Ass'n of Machinists v. NLRB*, 362 U.S. 411, 422, 80 S.Ct. 822, 4 L.Ed.2d 832 (1960) (*"Bryan Manufacturing"*). As the Supreme Court has explained, there is no continuing violation sufficient to delay the statute of limitations if the conduct within the six month period is only unlawful in light of conduct outside of the six month period.

*Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 915 (7th Cir. 1999). Continued union inactivity after an initial failure to respond to a grievance request does not constitute a continuing violation of the duty of fair representation. *Id.* Even though a plaintiff continues to request a union's assistance during the limitations period, the union's inactivity with respect to the grievance was not an unfair labor practice if the inactivity was unfair only

by reason of circumstances existing at or before the start of the limitations period. See *id.* Under those circumstances, the union's conduct cannot be used to revive a time-barred claim. *Id.* Both *Scott v. United Auto.(UAW Union), Local 879* and *Christiansen v. APV Crepaco, Inc.* involved claims made against a union allegedly breaching the duty of fair representation, as does the case at bar.

In this case, Davis testified that female officers were having difficulty receiving adequate restroom breaks since 2000 and that she had attempted to get the FOP to address that issue. She discussed a meeting with the FOP executive board in which a group of male and female officers approached the FOP for help in changing their work conditions and rules, but she claimed that after the meeting, the FOP did nothing to address that issue.

It further appears from the record that the issues facing the female appellees occurred as a result of § 47-111. The testimony at trial indicates that the issues complained of by the female appellees, including inadequate bathroom breaks and mandatory overtime, occurred as a result of this statute.

As noted in the majority opinion, on January 3, 2003, a memorandum was sent to all correctional staff by the chief deputy for the Douglas County Department of Corrections indicating that the department intended to request a change in § 47-111, in order to alleviate the problems faced by the female appellees. On January 9, a meeting was held between, among others, representatives of the FOP, the department, and the county attorney's office. At this meeting, possible changes to § 47-111 were discussed. Then, on January 29, another memorandum was presented to all correctional employees from the chief deputy. In the latter memorandum, the chief deputy notified all employees that the FOP was opposed to attempting to change § 47-111 and that it was decided that the department would make no further effort to change the statute.

Based on the record, it appears to me that the female appellees either were aware, or should reasonably have been aware, as of January 29, 2003, of the FOP's position that it would not attempt to secure a change in § 47-111. While it is true that the FOP continued to refuse to secure a change in the statute from that day forward, the continued inactivity of the FOP does not constitute

a continuing violation. The 6-month statute of limitations began to run, at the latest, on January 29. This would have given the appellees until August 1 to file a complaint with the CIR. The appellees did not file their petition with the CIR until October 31. Thus, I believe that the appellees' claims regarding the FOP's refusal to attempt to change § 47-111 were time barred and that the CIR's finding that the appellees' claims were not barred by the applicable statute of limitations was contrary to law. While I sympathize with the female appellees, and although I am not happy with this result, I do believe that the result is correct under the law. Therefore, I would remand the cause to the CIR for entry of an order consistent with this dissent.