Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/25/2016 09:05 AM CDT

THOMAS LAMB, APPELLANT, v. FRATERNAL ORDER OF
POLICE LODGE NO. 36 AND MICHAEL ROBINSON,
WASHINGTON COUNTY SHERIFF,
AN INDIVIDUAL, APPELLEES.

___ N.W.2d ___

Filed March 25, 2016.    No. S-15-361.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a
   motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing
   an order dismissing a complaint, an appellate court accepts as true all
   facts which are well pled and the proper and reasonable inferences of
   law and fact which may be drawn therefrom, but not the plaintiff's
   conclusion.
3. **Motions to Dismiss: Pleadings.** To prevail against a motion to dis-
   miss for failure to state a claim, a plaintiff must allege sufficient facts,
   accepted as true, to state a claim to relief that is plausible on its face.
   In cases in which a plaintiff does not or cannot allege specific facts
   showing a necessary element, the factual allegations, taken as true, are
   nonetheless plausible if they suggest the existence of the element and
   raise a reasonable expectation that discovery will reveal evidence of the
   element or claim.
4. **Labor and Labor Relations: Contracts.** Generally, individual
   employees seeking to assert contract grievances attempt to use the
   grievance procedure agreed to by a union and an employer as a mode
   of redress.
5. **Commission of Industrial Relations: Jurisdiction: Breach of
   Contract.** The Commission of Industrial Relations has no jurisdiction
   over breach of contract claims.
6. **Constitutional Law: Immunity: Waiver.** Under the 11th Amendment,
   a nonconsenting state is generally immune from suit unless the state has
   waived its immunity.

7. **Political Subdivisions: Counties: Legislature.** A county is a political subdivision of the state and has subordinate powers of sovereignty conferred by the Legislature.

8. **Constitutional Law: Legislature: Actions.** Neb. Const. art. V, § 22, provides that the State may sue and be sued and that the Legislature shall provide by law in what manner and in what courts suits shall be brought.

9. **Tort Claims Act: Legislature: Immunity: Waiver.** The Legislature has waived the State's immunity through the State Tort Claims Act.

10. **Political Subdivisions Tort Claims Act: Legislature: Immunity: Waiver.** The Legislature has waived immunity belonging to political subdivisions, like counties, through the Political Subdivisions Tort Claims Act.

11. **Statutes: Immunity: Waiver.** Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver. A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.

12. **Political Subdivisions Tort Claims Act: Immunity: Waiver.** An appellate court strictly construes the Political Subdivisions Tort Claims Act in favor of the political subdivision and against the waiver of sovereign immunity.

13. **Political Subdivisions Tort Claims Act: Tort Claims Act.** Generally, provisions of the Political Subdivisions Tort Claims Act should be construed in harmony with similar provisions in the State Tort Claims Act.

Appeal from the District Court for Washington County: John E. Samson, Judge. Affirmed.

Thomas M. White, C. Thomas White, and Amy S. Jorgensen, of White & Jorgensen, for appellant.

Michael P. Dowd, of Dowd, Howard & Corrigan, L.L.C., for appellee Fraternal Order of Police Lodge No. 36.

Charles W. Campbell, of Angle, Murphy & Campbell, P.C., L.L.O., for appellee Michael Robinson.

Heavican, C.J., Wright, Connolly, Cassel, and Stacy, JJ.

Heavican, C.J.

## I. INTRODUCTION

Thomas Lamb filed suit against the Fraternal Order of Police Lodge No. 36 (Lodge No. 36) and Michael Robinson, Washington County Sheriff, alleging breach of contract and intentional interference with a business relationship. The district court dismissed Lamb's suit. Lamb appeals. We affirm.

## II. FACTUAL BACKGROUND

Lamb was employed as a captain in the Washington County, Nebraska, sheriff's office. Lamb was a member of Lodge No. 36, a labor union representing employees of the Washington County sheriff's office. Lodge No. 36 and Washington County entered into a labor agreement on June 28, 2005. Robinson is the sheriff of Washington County.

On April 4, 2013, Robinson informed Lamb that he was under investigation. The reason for this investigation is not in our record. Robinson appointed two sergeants within his office to conduct the investigation into Lamb. Lamb maintained that as officers holding a lesser rank, the appointed officers were not permitted by the labor contract to investigate him; despite this, Lamb was questioned in connection with the investigation. Lamb also requested, from Lodge No. 36, representation during the questioning, but alleged that he did not receive it.

On April 13, 2013, apparently at the instigation of the investigating officers, Robinson took over the investigation into Lamb. On April 19, Lamb's employment was terminated.

On September 2, 2014, Lamb filed suit against Lodge No. 36 and Robinson. He subsequently filed an amended complaint. That complaint sets forth two causes of action.

The first, against Lodge No. 36, alleges breach of contract. Lamb alleges that Lodge No. 36's refusal to provide representation after he requested it was a breach of the labor contract and of Lodge No. 36's duty of fair representation. Lamb further alleges that there was no grievance procedure set forth in

the labor contract for grievance against Lodge No. 36 and that therefore, he had no obligation to file one.

The second cause of action is against Robinson for tortious interference with a business relationship. Lamb alleges that Robinson obstructed Lodge No. 36's ability to fulfill its duty of fair representation. Lamb further alleges that Robinson is a member of Lodge No. 36, despite the fact that he is the supervisor and thus prohibited by Neb. Rev. Stat. § 48-816 (Cum. Supp. 2014) from being a member of the same bargaining unit as nonsupervisors.

Lamb sought general and special damages and past and present lost income.

Both Lodge No. 36 and Robinson filed motions to dismiss. Lodge No. 36 argued that the Commission of Industrial Relations (CIR), not the district court, had jurisdiction to decide this dispute, and that Lamb waived his cause of action by failing to file a grievance. Robinson argued that the action against him was barred by sovereign immunity.

The district court granted both motions to dismiss. Lamb appeals.

### III. ASSIGNMENTS OF ERROR

Lamb assigns, restated and consolidated, that the district court erred in dismissing his causes of action against Lodge No. 36 and against Robinson.

### IV. STANDARD OF REVIEW

[1-3] A district court's grant of a motion to dismiss is reviewed de novo.[1] When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[2] To prevail against a motion to dismiss for

---

[1] *SID No. 1 v. Adamy*, 289 Neb. 913, 858 N.W.2d 168 (2015).

[2] *Id.*

failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.[3] In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.[4]

## V. ANALYSIS

### 1. Action Against Lodge No. 36

Lamb argues that the district court erred in finding that he needed to file a grievance and that his action should have been filed with the CIR and not with the district court.

### (a) Failure to File Grievance

The district court concluded that Lamb's amended complaint should be dismissed because he failed to file a grievance in accordance with the labor contract. On this fact, we disagree.

[4] It is true that generally, individual employees seeking to assert contract grievances attempt to use the grievance procedure agreed to by a union and an employer as a mode of redress.[5] And it is true that Lamb did not file such a grievance in this case.

Lamb's failure to file a grievance does not necessitate dismissal of his complaint. Lamb, while no doubt upset over the termination of his employment, did not sue Lodge No. 36 over that termination. Rather, Lamb asserted that Lodge No. 36 breached the labor contract, and further alleged that Robinson tortiously interfered with Lamb's relationship with Lodge No. 36.

---

[3] *Id.*

[4] *Id.*

[5] *Republic Steel v. Maddox*, 379 U.S. 650, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965).

When the grievance process set forth in the labor contract is examined, it is clear that it would have been futile for Lamb to file a grievance under that procedure. The procedure deals with a grievance against the county. It does not provide a mechanism for Lamb to complain about Lodge No. 36. There would have been no point in Lamb's filing a grievance with Washington County when his grievance was really with Lodge No. 36.

The district court erred in dismissing Lamb's amended complaint for failure to file a grievance.

### (b) District Court Jurisdiction

Lamb also assigns that the district court erred when it concluded that it lacked subject matter jurisdiction and that this action should have been filed before the CIR. Lamb argues that the district court has jurisdiction, because breach of contract claims must be decided by that court and cannot be decided by the CIR.

[5] We agree with Lamb that the CIR has no jurisdiction over breach of contract claims.[6] But Lamb does not allege only a claim for a breach of contract. He also alleges that Lodge No. 36 breached its duty of fair representation.

A duty of fair representation claim is implicitly authorized by Neb. Rev. Stat. § 48-824 (Cum. Supp. 2014).[7] That section identifies a variety of "prohibited practices" actionable against not only a public employer, but also a public employee, a public employee organization, or a collective bargaining agent; the CIR has the power to find that any of these parties committed such a prohibited practice. But the jurisdiction for such an action does not lie with the district court; rather,

---

[6] See *Transport Workers of America v. Transit Auth. of City of Omaha*, 205 Neb. 26, 286 N.W.2d 102 (1979) (superseded by statute as stated in *South Sioux City Ed. Assn. v. Dakota Cty. Sch. Dist.*, 278 Neb. 572, 772 N.W.2d 564 (2009)).

[7] See *Davis v. Fraternal Order of Police*, 15 Neb. App. 470, 731 N.W.2d 901 (2007).

because it involves the determination of a prohibited practice under Nebraska's Industrial Relations Act, jurisdiction lies with the CIR.[8]

Lamb attempts to characterize his claim against Lodge No. 36 as a breach of contract claim. Lamb's amended complaint alleges that "[Lodge No.] 36 leaders were aware of the interrogation and . . . Lamb's request for representation but failed and refused to provide such representation. This failure and refusal by [Lodge No.] 36 was a material breach of [the labor contract] and the duty of fair representation." But, in our view, Lamb is simply restating his breach of the duty of fair representation claim as one for breach of contract. We can only surmise that Lamb attempts this in order to invoke the jurisdiction of the district court and avoid the CIR. But in this case, the proper place for Lamb to bring his complaint against Lodge No. 36 is the CIR.

And while the CIR's power is limited, we are not persuaded that it lacks the ability to provide relief for a breach of the duty of fair representation. While the CIR lacks the authority to grant declaratory or injunctive relief, it is not powerless. Neb. Rev. Stat. § 48-819.01 (Reissue 2010) provides:

[T]he [CIR] shall have the power and authority to make such findings and to enter such temporary or permanent orders as the [CIR] may find necessary to provide adequate remedies to the injured party or parties, to effectuate the public policy enunciated in section 48-802, and to resolve the dispute.

Moreover, even if Lamb had successfully pled a breach of contract claim, we must conclude that Lamb cannot sue for such claim, because he is not a party to the labor contract. Although Lamb generally alleged that he and Lodge No. 36 were in a "business relationship," he did not allege or

---

[8] § 48-824. Cf. *South Sioux City Ed. Assn. v. Dakota Cty. Sch. Dist., supra* note 6.

otherwise argue that he was a third-party beneficiary to the labor contract.

Because the CIR, and not the district court, is the appropriate body in which to file a breach of fair representation claim against a union, we conclude that the district court did not err in dismissing the action against Lodge No. 36.

## 2. Action Against Robinson

The sole issue on appeal with respect to Robinson is whether he is immune from suit under the doctrine of sovereign immunity.

[6-8] Under the 11th Amendment, a nonconsenting state is generally immune from suit unless the state has waived its immunity.[9] A county is a political subdivision of the state and has subordinate powers of sovereignty conferred by the Legislature.[10] But Neb. Const. art. V, § 22, provides: "The state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." Thus, the State may waive its sovereignty in whatever way it sees fit.

[9-13] The Legislature has waived the State's immunity through the State Tort Claims Act.[11] It has similarly waived immunity belonging to political subdivisions, like counties, through the Political Subdivisions Tort Claims Act.[12] It is well settled that statutes that purport to waive the protection of sovereign immunity of the state or its subdivisions are strictly construed in favor of the sovereign and against the waiver.[13] A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other

---

[9] *SID No. 1 v. Adamy, supra* note 1.

[10] *Id.*

[11] Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014).

[12] Neb. Rev. Stat. § 13-901 et seq. (Reissue 2012).

[13] *Stick v. City of Omaha,* 289 Neb. 752, 857 N.W.2d 561 (2015).

reasonable construction.[14] We have specifically stated that we strictly construe the Political Subdivisions Tort Claims Act in favor of the political subdivision and against the waiver of sovereign immunity.[15] And we have held that generally, provisions of the Political Subdivisions Tort Claims Act should be construed in harmony with similar provisions in the State Tort Claims Act.[16]

The issue presented here is whether Robinson, as the sheriff, was acting in his official capacity as an agent of Washington County, entitling him to the county's immunity, or if he was acting in his individual capacity and therefore was not entitled to immunity. The parties generally agree that the resolution of the question depends upon whether Robinson's actions were taken within the scope of his employment. Per the caption to his amended complaint, Lamb purported to sue Robinson in Robinson's individual capacity. But Robinson argued, and the district court agreed, that he was acting as sheriff at all times relevant to the allegations made in that amended complaint.

We agree that Robinson was entitled to immunity. We first note that Robinson investigated Lamb and eventually terminated Lamb's employment while acting as sheriff of Washington County.

And we find Lamb's allegations regarding §§ 48-816(3)(a) and 48-824 of little import here. Section 48-816(3) prohibits a supervisor from being in a bargaining unit with nonsupervisors. But Lamb does not allege that Robinson was in the same bargaining unit as nonsupervisors. Lamb alleges only that Robinson was a member of Lodge No. 36. But Lodge No. 36 is a labor organization, not a bargaining unit, and § 48-816 refers to the makeup of bargaining units.

---

[14] *Id.*

[15] *Id.*

[16] *Big Crow v. City of Rushville*, 266 Neb. 750, 669 N.W.2d 63 (2003). See *Jasa v. Douglas County*, 244 Neb. 944, 510 N.W.2d 281 (1994).

Of course, Lamb is correct that it is a prohibited practice under § 48-824 to dominate or interfere with a labor organization, as he alleged Robinson has done. But assuming, as we must, that Lamb's allegations regarding Robinson's interference are true, we find that Lamb's allegations actually support the conclusion that Robinson's actions were within the scope of his employment. As noted above, a prohibited practice can be committed by a public employer, a public employee, a public employee organization, or a collective bargaining agent. In order to commit a prohibited practice in this case, Robinson necessarily must be acting as a public employer. We further note that as a public employer, any prohibited practice committed by Robinson is actionable before the CIR.

As such, even if Robinson interfered with the workings of Lodge No. 36, those actions, too, were made by Robinson when he was acting in his capacity as Washington County Sheriff and were within the scope of his employment.

The decision of the district court finding that Robinson was entitled to immunity was not error. Lamb's final assignment of error is without merit.

## VI. CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

MILLER-LERMAN, J., participating on briefs.